IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. AP-75,449, AP-75,450 & AP-75,451






EX PARTE JOSE CARMONA, Applicant






ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 4077, 4078, & 4323 IN THE 109TH DISTRICT COURT

ANDREWS COUNTY





 Per curiam.


O P I N I O N 




 These are post-conviction applications for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of two counts
of indecency with a child and three counts of aggravated sexual assault of a child. Applicant
was sentenced to confinement for five years for each indecency with a child count and for
ten years for each aggravated sexual assault of a child count. Applicant's appeals were
dismissed for want of jurisdiction. Carmona v. State, Nos. 08-04-00019-CR, 08-04-00020-CR, 08-04-00021-CR (Tex. App.-El Paso, delivered April 1, 2004, no pet.).

 Applicant contends that he was denied his right to appeal his convictions. The trial
court entered findings of fact and conclusions of law recommending that Applicant be
granted out-of-time appeals. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires
appointed counsel to "represent the defendant until charges are dismissed, the defendant is
acquitted, appeals are exhausted, or the attorney is relieved of his duties or replaced by other
counsel." The duty to perfect an appeal attaches whether counsel is appointed or retained. 
See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted
to appeal, counsel had the duty to timely file a motion for new trial or give timely notice of
appeal, unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted out-of-time appeals from his
convictions in cause numbers 4077, 4078, and 4323 from the 109th District Court of
Andrews County. The proper remedy in a case such as this is to return Applicant to the point
at which he can file notices of appeal. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the conviction had been entered on the day
that the mandate of this Court issues. We hold that Applicant, should he desire to prosecute
an appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.


DO NOT PUBLISH

DELIVERED JUNE 21, 2006